**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-658C (Pro Se)

(Filed: October 25, 2016 | Not for Publication)

|  |  |
|---|---|
| DEVON THOMAS HARRIS,<br><br>         Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>         Defendant. | Keywords: Pro Se Complaint; Motion to Dismiss; Tort Claims; Criminal Claims; Money Mandating Provisions; Fifth Amendment Taking; Breach of Contract<br><br>**FILED**<br>OCT 2 5 2016<br>U.S. COURT OF FEDERAL CLAIMS |

*Devon Thomas Harris*, New York, NY, pro se.

*James Robert Sweet*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Claudia Burke*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General.

## OPINION AND ORDER

**KAPLAN, Judge.**

    Currently before the Court is the government's motion to dismiss this case under Rules of the Court of Federal Claims (RCFC) 12(b)(1) and 12(b)(6). For the reasons set forth below, the government's motion to dismiss is **GRANTED**.

### BACKGROUND[1]

**I.    Mr. Harris's Allegations**

    Mr. Harris alleges that in July of 2009, "while incarcerated at Bridgeport County Correctional Facility in the state of Connecticut," he "became suspicious [that he] was being illegally experimented on." Am. Compl. ¶ 14. According to Mr. Harris, the vector for this experimentation is a device that has been implanted in his brain, which the government allegedly uses to monitor and experiment on his mind and to transmit his

---

[1] The facts set forth below are based on the assertions in Mr. Harris's amended complaint, which the Court accepts as true solely for purposes of ruling on the pending motion to dismiss. For purposes of background, the Court also includes jurisdictional facts drawn from the government's motion to dismiss the amended complaint.

thoughts nationwide for public consumption. See id. ¶¶ 2, 5, 10, 14, 21, 34–35, 39, 46–47, 56, 64.

Mr. Harris alleges that several health care facilities and state police departments have been involved in this experimentation, including a hospital in Stamford, Connecticut, a correctional facility in Bridgeport, Connecticut, the Greenwich, Connecticut police department, and the New York City police department. See id. ¶¶ 14, 20, 24, 26–28, 33–35. He also alleges that various federal agencies, including the National Aeronautics and Space Administration, the Department of Justice, the Department of Defense, and the CIA, were responsible for ensuring that he was not experimented on in this manner, but that they failed to prevent the experiments from occurring. Id. ¶ 2.

In addition, Mr. Harris contends that his mother entered into a contract with the United States pursuant to which the government has paid her to allow the conduct described above. See id. ¶¶ 74, 98, 106, 108. Mr. Harris alleges that the United States has improperly permitted that illegal contract to be upheld. See id. ¶ 74.

## II. This Action

Mr. Harris filed a complaint in this Court on June 3, 2016.[2] Dkt. No. 1. On August 2, 2016, the government moved to dismiss the complaint under RCFC 12(b)(1) and 12(b)(6). Dkt. No. 7.

On August 23, 2016, Mr. Harris filed an amended complaint. Dkt. No. 13. In his amended complaint, Mr. Harris asserts a variety of claims for relief. See id. ¶¶ 30–43 (conspiracy to interfere with civil rights under 42 U.S.C. § 1985); id. ¶¶ 44–53 (violation of criminal anti-torture statute, 18 U.S.C. § 2340); id. ¶¶ 54–60 (violation of criminal anti-stalking statute, 18 U.S.C. § 2261A); id. ¶¶ 61–69 (deprivation of rights under color of law in violation of 18 U.S.C. § 242); id. ¶¶ 70–91 (violations of the Fifth Amendment's Due Process Clause, the Thirteenth Amendment, and the Fourteenth Amendment's Due Process and Equal Protection Clauses); id. ¶¶ 92–96 (violation of 42 U.S.C. § 14141); id. ¶¶ 97–104 (violation of the Fifth Amendment's Takings Clause); id. ¶¶ 105–112 (breach of contract); id. ¶¶ 112–19 (violation of regulation providing for the protection of human research subjects, 45 C.F.R. §§ 46.101–46.505).

As a remedy for these alleged wrongs, Mr. Harris requests "declaratory relief, [an] injunction[,] and the mandating of specific performances" to ensure that he is "freed from such illegal activities." Id. ¶ 6; see also id. ¶¶ 42, 52, 58–59, 67–68, 76–77, 83–84, 90, 95, 102–103, 110–111, 119–120. Further, he seeks monetary relief in the form of

---

[2] Along with his complaint, Mr. Harris filed a motion for leave to proceed in forma pauperis. Dkt. No. 3. The Court **GRANTS** that motion solely for the purpose of deciding the government's motion to dismiss.

2

compensatory and punitive damages. See id. ¶¶ 43, 53, 60, 69, 78, 85, 91, 96, 104, 112, 121.

The government moved to dismiss the amended complaint on September 8, 2016. Dkt. No. 16. Mr. Harris filed a response to the government's motion on September 22, 2016, Dkt. No. 17, and later filed an addendum to his response, Dkt. No. 19. The government filed a reply in support of its motion on September 28, 2016. Dkt. No. 18.

## DISCUSSION

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction Under RCFC 12(b)(1)

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, the court may also "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs (as is this one), are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

### II. Motion to Dismiss for Failure to State a Claim Under RCFC 12(b)(6)

When considering a motion to dismiss for failure to state a claim under RCFC 12(b)(6), the court accepts as true the complaint's undisputed factual allegations and construes them in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court also draws all reasonable inferences in favor of the non-moving party. Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001). So construed, the plaintiff's allegations must "raise [the] right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff's claim must be plausible on its face. Id. at 570; see also Acceptance Ins. Cos., Inc. v. United States, 583 F.3d 849, 853 (Fed. Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

### III. Application of These Standards to Plaintiff's Amended Complaint

Applying these standards, the Court concludes that it lacks subject matter jurisdiction over many of Mr. Harris's claims. To begin with, the Court of Federal Claims has no jurisdiction to entertain claims against any defendant other than the United States. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). Accordingly, Mr. Harris's claims against parties other than the

United States, including state correctional and hospital facilities, local police departments, and his mother, must be dismissed.

Further, the Court's jurisdiction does not extend to any claims "sounding in tort." See 28 U.S.C. § 1491(a)(1); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims . . . ."); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997). Thus, to the extent Mr. Harris asserts tort claims related to the alleged torture and psychological harm allegedly inflicted upon him, the Court lacks jurisdiction over those claims.

The Court also lacks jurisdiction over constitutional claims unless those claims are based on constitutional provisions that are "money mandating." See Brown, 105 F.3d at 623; LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). The Fifth Amendment's Due Process Clause, the Thirteenth Amendment, and the Fourteenth Amendment's Due Process and Equal Protection Clauses are not money mandating constitutional provisions. See Spain v. United States, 277 Fed. App'x 988, 989 (Fed. Cir. 2008) (per curiam) (Fifth Amendment's Due Process Clause and Fourteenth Amendment's Due Process and Equal Protection Clauses); Pleasant–Bey v. United States, 99 Fed. Cl. 363, 367 (2011) (Thirteenth Amendment). Therefore, Mr. Harris's claims under those provisions must be dismissed as well.

In addition, the Court's jurisdiction does not extend to criminal matters. See Upshaw v. United States, 599 Fed. App'x 387, 388 (Fed. Cir. 2015) (per curiam); Joshua v. United States, 17 F.3d 378, 379–80 (Fed Cir. 1994). Thus, the Court lacks jurisdiction over Mr. Harris's statutory claims related to torture, stalking, and criminal deprivation of rights under color of law, as those claims are premised on criminal statutes. Likewise, the Court has no jurisdiction to hear civil claims alleging deprivation of civil rights under color of law. Elkins v. United States, 229 Ct. Cl. 607, 608 (1981) ("[W]e do not have jurisdiction over claims based upon alleged violations of the civil rights laws.") (citation omitted); see also Wagstaff v. United States, 105 Fed. Cl. 99, 109 (2012). Accordingly, Mr. Harris's claims under 42 U.S.C. § 1985 and 42 U.S.C. § 14141 must be dismissed.[3]

Finally, Mr. Harris's claim that the government violated a regulation regarding experimentation on human subjects must be dismissed because that regulation is not money mandating. See United States v. Mitchell, 463 U.S. 206, 216–17 (1983); Stevens v. United States, No. 10-509C, 2011 WL 1883010, at *2–3 (Fed. Cl. May 17, 2011). That is, nothing in the regulation "can be fairly interpreted as mandating compensation." Stevens, 2011 WL 1883010, at *2 (citing United States v. White Mountain Apache Tribe, 537 U.S. 465, 472–73 (2003)).

---

[3] Mr. Harris's claims under 42 U.S.C. § 14141 must also be dismissed for the independent reason that only the Attorney General may bring an action to enforce that provision. See 42 U.S.C. § 14141(b).

4

On the other hand, Mr. Harris's claim under the Fifth Amendment's Takings Clause and his claim for breach of contract are not jurisdictionally barred. However, these claims must also be dismissed for failure to state a claim.

Thus, the Fifth Amendment's Takings Clause prohibits only the taking of private property for public use without just compensation. See U.S. Const. amend. V. Private property under the clause, however, does not include a person's body or the use of a person's body. See Stevens v. United States, No. 09-338C, 2009 WL 3650874, at *4 (Fed. Cl. Oct. 28, 2009) (observing that "a claim relating to wrongful governmental control over a person is not a Fifth Amendment taking claim, but is instead a request for a writ of habeas corpus or a due process claim"). The thrust of Mr. Harris's takings claim is that the government has taken his thoughts and transmitted them to others without his consent. See Am. Compl. ¶¶ 99–100. Thus, he has not adequately alleged that the government has taken from him any private property within the meaning of the Takings Clause.

With respect to his breach of contract claim: to state a claim for the breach of a contract with the United States, a plaintiff must plausibly allege (1) the existence of a contract with the United States that confers rights upon the plaintiff, (2) the breach of a duty arising out of that contract, and (3) damages resulting from the breach. See Kam-Almaz v. United States, 682 F.3d 1364, 1368 (Fed. Cir. 2012); Bell/Heary v. United States, 739 F.3d 1324, 1330 (Fed. Cir. 2014). Mr. Harris has not alleged that he himself entered into a contract with the United States; rather, he contends that his mother entered into such a contract, to his detriment. Further, Mr. Harris's allegations do not describe any of the terms of the purported contract. Thus, the Court is unable to ascertain the nature of the alleged contract or the rights it might confer upon Mr. Harris.

Further, Mr. Harris's allegations do not explain how the United States has breached the supposed contract or how any such breach has damaged Mr. Harris. Indeed, Mr. Harris appears to allege that he has been damaged by the existence of the contract, not by its breach—which, if anything, would give rise to a tort claim, and not a claim for breach of contract. As already discussed, tort claims fall outside this Court's jurisdiction. Accordingly, Mr. Harris has failed to plausibly allege a claim for the breach of a contract with the United States.

In summary, the Court lacks jurisdiction over Mr. Harris's claims against parties other than the United States; his tort claims; his claims under 18 U.S.C. § 242, 18 U.S.C. § 2340, and 18 U.S.C. § 2261A; his claims under 42 U.S.C. § 1985, 42 U.S.C. § 14141, and 45 C.F.R. §§ 46.101–46.505; and his claims under the Fifth Amendment's Due Process Clause, the Thirteenth Amendment, and the Fourteenth Amendment's Due Process and Equal Protection Clauses. Further, Mr. Harris has not adequately stated a claim under the Fifth Amendment's Takings Clause or a claim for breach of contract with the United States. Therefore, his complaint must be dismissed.

## CONCLUSION

For the reasons given above, the government's motion to dismiss is **GRANTED**. His claims for breach of contract and his claims under Fifth Amendment's Takings Clause are **DISMISSED** with prejudice. The remainder of his claims are **DISMISSED** without prejudice for lack of jurisdiction. The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge